Filed 5/20/21  P. v. McKenzie CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B305393 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA138096-03) |
| v. | |
| GERALD McKENZIE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Reversed and remanded.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

Gerald McKenzie, convicted in 1997 of first degree murder (Pen. Code, § 187),[1] robbery (§ 211), and kidnapping for robbery (§ 209, subd. (b)), with true felony-murder special-circumstance findings (§ 190.2, subds. (a)(17), (d)), appeals the superior court's postjudgment order denying his petition for resentencing under section 1170.95. McKenzie contends the court erred in ruling on his petition without first appointing counsel to represent him and ruling he was ineligible for resentencing as a matter of law because he could still be convicted of felony murder as a major participant in the underlying felonies who had acted with reckless indifference to human life pursuant to section 189, subdivision (e)(3). Because the record of conviction does not establish McKenzie's ineligibility for resentencing as a matter of law, we reverse the superior court's order and remand with directions to appoint counsel for McKenzie, to issue an order to show cause and to conduct further proceedings in accordance with section 1170.95, subdivision (d).

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *McKenzie's Felony Murder Conviction*

As summarized in our opinion affirming McKenzie's convictions (*People v. McKenzie* (Feb. 8, 2000, B118700) [nonpub. opn.]), McKenzie, Austin Hemsley, Delbert Paulino and Equilla Jones agreed to rob Aundra Boykins, who had been dating Jones and had been seen carrying large amounts of cash.

Jones and Boykins checked into a hotel in Santa Monica on the morning of January 3, 1996. Later that morning McKenzie and Hemsley picked up Paulino and drove to the hotel in a car McKenzie had borrowed from his cousin at Hemsley's request.

---

[1]     Statutory references are to this code.

Once they arrived at the hotel's subterranean parking lot, Hemsley and Paulino got out of the car and returned with Boykins, whose hands were bound behind his back. Hemsley and Paulino put Boykins in the backseat of the car and told McKenzie to drive.

After driving for a short while, the men stopped in an alley. McKenzie left his cousin's car with Boykins, with Hemsley and Paulino still in it, and drove Paulino's car home. Boykins's body was found on January 10, 1996 near the La Brea Avenue exit of the Santa Monica Freeway. His hands were bound behind his back with duct tape. The cause of death was multiple gunshot wounds. In a police interview McKenzie said he did not know either Hemsley or Paulino had a gun but conceded one of them must have been armed to force Boykins into the car.

The murder weapon together with a passport and personal mail with McKenzie's name was found in a bedside table during a narcotics search of a residence in an unrelated matter. McKenzie denied living at the residence, but told investigating officers he had visited it from time to time. He acknowledged seeing the weapon at the residence and said it belonged to Hemsley.

The jury found McKenzie guilty of first degree murder, second degree robbery and kidnapping for robbery and found true the allegation a principal had been armed in committing each offense. The jurors also found true three felony-murder special-circumstance allegations pursuant to section 190.2, subdivisions (a)(17) and (d), murder during commission of robbery, murder during commission of kidnapping and murder

during commission of kidnapping for robbery.[2] McKenzie was sentenced to life in prison without parole plus one year.

On appeal this court affirmed McKenzie's convictions, holding sufficient evidence supported the jury's findings, including the special-circumstance findings: "By planning the kidnapping/robbery and providing the transportation by which to fulfill the plan, appellant acted as a major participant. Moreover, appellant acted with reckless indifference to human life by allowing the sequence of events to continue with the knowledge codefendant Hemsley was armed and without any effort to prevent the crimes." We also rejected McKenzie's legal argument that CALJIC No. 8.80.1, the felony-murder special-circumstance instruction, did not adequately define the terms "major participant" and "reckless indifference to human life."

2. *McKenzie's Petitions for Resentencing*

On January 9, 2019 McKenzie, representing himself, filed a petition for resentencing under section 1170.95. The superior

[2] Using CALJIC No. 8.80.1 (1996 rev.), the court instructed the jury, in part, "If you find the defendant was not the actual killer of a human being or if you are unable to decide whether the defendant was the actual killer or an aider and abettor, you cannot find the special circumstance to be true unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted . . . or assisted any actor in the commission of the murder in the first degree, or with reckless indifference to human life and as a major participant, aided, abetted . . . or assisted in the commission of the crime of robbery, kidnapping or kidnapping for robbery which resulted in the death of a human being. [¶] A defendant acts with reckless indifference to human life when the defendant knows or is aware that his acts involve a grave risk of death to an innocent human being."

court's minute order for February 7, 2019 indicates the court appointed the alternate public defender to represent McKenzie and set a March 18, 2019 date for receipt of a response to the petition from the prosecutor.

On March 11, 2019 the district attorney filed an opposition memorandum, arguing McKenzie was ineligible for resentencing because he had been a major participant in the underlying felonies and had acted with reckless indifference to human life and, therefore, could still be convicted of felony murder notwithstanding the amendments to sections 188 and 189 made by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437). The district attorney attached to her memorandum a copy of our opinion affirming McKenzie's convictions, the jury's verdict forms and the abstract of judgment.

On March 12, 2019, without allowing time for McKenzie's counsel to file a reply to the prosecutor's memorandum and without appearances by any party, the superior court denied the petition, agreeing with the prosecutor's reasoning that McKenzie was ineligible for resentencing as a major participant in the underlying felonies who had acted with reckless indifference to human life. The court quoted several paragraphs from our opinion affirming McKenzie's convictions in which we held the evidence was sufficient to support the jury's felony-murder special-circumstance findings. As an independent ground for denying the petition, the court ruled Senate Bill 1437 and section 1170.95 are unconstitutional.

McKenzie, again representing himself, filed a second petition for resentencing under section 1170.95 on January 21, 2020. He attached to the petition a one-page handwritten declaration stating he had no knowledge Boykins would be killed.

On February 10, 2020, without appointing counsel, the court summarily denied the second petition, again noting this court in affirming the convictions had affirmed the findings that McKenzie had acted as a major participant in planning the kidnapping/robbery of the victim and had acted with reckless indifference to human life.

McKenzie filed a timely notice of appeal from the order denying his second petition. After we appointed counsel to represent McKenzie on appeal, his counsel filed an application for relief from default for McKenzie's failure to file a notice of appeal from the order denying his first petition. We denied the application as unnecessary in light of the pending appeal.[3]

---

[3] The order denying McKenzie's second petition did not include an alternate ruling that Senate Bill 1437 and section 1170.95 are unconstitutional. Nonetheless, McKenzie briefly discusses this issue in his opening brief, noting that every court of appeal that has considered these constitutional arguments has rejected them and that the Attorney General has consistently taken the position the new law does not violate the California Constitution. In his respondent's brief the Attorney General again states Senate Bill 1437 and section 1170.95 do not violate the California Constitution. We agree the superior court's constitutional concerns have been thoroughly considered and persuasively refuted in a number of comprehensive opinions (e.g., *People v. Marquez* (2020) 56 Cal.App.5th 40; *People v. Johns* (2020) 50 Cal.App.5th 46; *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270; *People v. Lamoureux* (2019) 42 Cal.App.5th 241) and need not be addressed yet again by this court.

**DISCUSSION**

1. *Senate Bill 1437 and the Section 1170.95 Petition Procedure*

Senate Bill 1437 eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 838-839 (*Gentile*)) and significantly limited the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 236, review granted Mar. 10, 2021, S266652; *People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1080.) Senate Bill 1437 also authorized, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. (See *Gentile*, at p. 859.)

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she was convicted of murder and is eligible for relief (§ 1170.95, subd. (b)(1)(A)), section 1170.95, subdivision (c), prescribes a process for the court to determine whether to issue an order to show cause and hold an evidentiary hearing to consider if the murder conviction should be vacated and the petitioner resentenced on any remaining counts.[4] The superior court

---

[4] Section 1170.95, subdivision (c), provides, "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor

7

properly proceeds under subdivision (c) in two steps, "one made before any briefing to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95—that is, that the petitioner may be eligible for relief—and a second after briefing by both sides to determine whether the petitioner has made a prima facie showing he or she is entitled to relief." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 328 (*Verdugo*), review granted Mar. 18, 2020, S260493; accord, *People v. York* (2020) 54 Cal.App.5th 250, 262, review granted Nov. 18, 2020, S264954; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1054, review granted Sept. 23, 2020, S263939; *People v. Drayton* (2020) 47 Cal.App.5th 965, 975; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177, review granted June 24, 2020, S262011; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, 118, review granted Nov. 10, 2020, S264684 [section 1170.95, subdivision (c), contemplates only one prima facie review before an order to show cause issues].)

Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1); see *Verdugo, supra,* 44 Cal.App.5th at p. 327, review granted.) At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3); *People v. Rodriguez, supra,* 58 Cal.App.5th at p. 230, review granted; *People v. Lopez* (2020) 56 Cal.App.5th 936, 949,

---

shall file and serve a response . . . and the petitioner may file and serve a reply. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

review granted Feb. 10, 2021, S265974; but see *People v. Duke* (2020) 55 Cal.App.5th 113, 123, review granted Jan. 13, 2021, S265309 [prosecutor must only prove a reasonable jury could find the defendant guilty of murder with the requisite mental state; "[t]his is essentially identical to the standard of substantial evidence"].)  The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.  (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 898-899, review granted Aug. 12, 2020, S263219; *People v. Drayton*, *supra*, 47 Cal.App.5th at p. 981.)

> 2. *The Superior Court Erred in Summarily Denying McKenzie's Petition for Resentencing*

The Attorney General argues the jury's felony-murder special-circumstance findings, affirmed on appeal in 2000, preclude resentencing under section 1170.95 as a matter of law, notwithstanding the Supreme Court's clarification in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) of the requirements for finding a felony-murder special-circumstance allegation true.  Alternatively, he contends we should affirm the order denying McKenzie's petition because the record of conviction demonstrates as a matter of law that McKenzie was a major participant in the underlying felonies who acted with reckless indifference to human life within the meaning of *Banks* and *Clark* and, therefore, could still be convicted of felony murder under amended section 189, subdivision (e)(3).

We rejected the Attorney General's first argument in *People v. Harris* (2021) 60 Cal.App.5th 939, 954-958 (*Harris*) review granted April 28, 2021, S267802.  The second argument is not supported by the record of conviction, which fails to establish as a

9

matter of law that McKenzie acted with reckless indifference to human life as defined in *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522.

### a.  Banks *and* Clark

Section 189, subdivision (e), added to the Penal Code by Senate Bill 1437, permits a felony-murder conviction only when specified facts relating to the defendant's individual culpability have been proved:  The defendant was the actual killer (§ 189, subd. (e)(1)); although not the actual killer, the defendant, with the intent to kill, assisted in the commission of the murder (§ 189, subd. (e)(2)); or the defendant was a major participant in an underlying felony listed in section 189, subdivision (a), and acted with reckless indifference to human life, "as described in subdivision (d) of Section 190.2," the felony-murder special-circumstance provision (§ 189, subd. (e)(3)).

Nearly two decades after McKenzie's trial and conviction the Supreme Court in *Banks*, *supra*, 61 Cal.4th 788 identified several factors a court should consider in determining whether a defendant was a "major participant" under section 190.2, subdivision (d):  "What role did the defendant have in planning the criminal enterprise that led to one or more deaths?  What role did the defendant have in supplying or using lethal weapons?  What awareness did the defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants?  Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death?  What did the defendant do after lethal force was used?" (*Banks*, *supra*, 61 Cal.4th at p. 803, fn. omitted.)

10

The *Banks* Court explained that, to determine whether the defendant acted with reckless indifference, courts must "look to whether a defendant has "'knowingly engag[ed] in criminal activities known to carry a grave risk of death.'"" (*Banks*, *supra*, 61 Cal.4th at p. 801.) As further refined in *Clark*, *supra*, 63 Cal.4th at page 617, "reckless indifference" "encompasses both subjective and objective elements. The subjective element is the defendant's conscious disregard of risks known to him or her. . . . [R]ecklessness is also determined by an objective standard, namely what 'a law-abiding person would observe in the actor's situation.'"

The Supreme Court in *Clark* identified a series of considerations relevant to determining whether a defendant had acted with reckless indifference to human life (with some obvious overlap with the major-participant factors specified in *Banks*). Among others, was the defendant aware that guns would be used; did the defendant himself or herself use a gun; did the defendant have an opportunity to reduce the overall risk of violence during the felony or to aid the victim; did the defendant know his or her cohorts were likely to use lethal force? (*Clark*, *supra*, 63 Cal.4th at pp. 618-622.) Specifically with respect to the facts before it, the *Clark* Court emphasized, "[W]hile the fact that a robbery involves a gun is a factor beyond the bare statutory requirements for first degree robbery felony murder, this mere fact, on its own and with nothing more presented, is not sufficient to support a finding of reckless indifference to human life for the felony-murder aider and abettor special circumstance." (*Id*. at p. 618.)[5]

---

[5] The Supreme Court in *Banks* and *Clark* did not expressly require that juries be instructed on the factors it had identified. Optional language describing those factors has been added to

b. *The jury's pre-*Banks/Clark *felony-murder special-circumstance finding does not preclude relief as a matter of law*

The felony-murder special-circumstance allegations required McKenzie's jury to find he had acted with reckless indifference to human life and as a major participant in the robbery kidnapping that resulted in Boykins's death (§ 190.2, subds. (a)(17), (d)).  As discussed, in *Harris, supra,* 60 Cal.App.5th 939, review granted, we rejected the Attorney General's arguments that the jury's finding precludes relief under section 1170.95 as a matter of law and any challenge to the evidentiary support for the finding based on *Banks* and *Clark* must be made by petition for writ of habeas corpus.

---

CALCRIM No. 703; and the bench notes expressly direct the trial court to determine whether the *Banks* and *Clark* factors "need be given."  Accordingly, it is not necessarily the case that a post-*Banks*/*Clark* jury will have received instructions that differ from those given to a pre-*Banks*/*Clark* jury that made a major participant/reckless indifference finding.  Nonetheless, posttrial, appellate and postconviction review of a felony-murder special-circumstance finding after *Banks* and *Clark* must consider the factors, issues and questions posited in those cases.  (See, e.g., *In re Scoggins* (2020) 9 Cal.5th 667, 671 [habeas petitioner's conduct did not support a finding of reckless indifference to human life under *Banks* and *Clark* notwithstanding affirmance on direct appeal of a pre-*Banks* and *Clark* robbery-murder special-circumstance finding]; *In re Bennett* (2018) 26 Cal.App.5th 1002 [granting habeas relief and vacating robbery-murder special-circumstance finding in light of *Banks* and *Clark* notwithstanding prior opinion affirming the special-circumstance finding].)

12

As we explained in *Harris, supra,* 60 Cal.App.5th at pages 956-957, review granted, a section 1170.95 petition challenges the murder conviction, not the special-circumstance finding. (See *People v. York* (2020) 54 Cal.App.5th 250, 260 (*York*), review granted Nov. 18, 2020, S264954 ["section 1170.95 permits a petitioner to challenge a *murder conviction.* If that challenge succeeds, then under section 1170.95, subdivision (d)(3), the special circumstance is vacated as a collateral consequence"].) To be sure, the requirement for finding a defendant guilty of felony murder under section 189, subdivision (e)(3), is "the same as the standard for finding a special circumstance under section 190.2[, subdivision] (d), as the former provision expressly incorporates the latter." (*In re Taylor* (2019) 34 Cal.App.5th 543, 561; accord, *York*, at p. 258 ["[t]he language of section 189, subdivision (e)(3), as amended by Senate Bill 1437, tracks the language of the special circumstance provision"].) But "[w]hat permits a defendant convicted of felony murder to challenge his or her murder conviction based on the contention that he or she was not a major participant in the underlying felony who acted with reckless indifference to human life, are the changes Senate Bill 1437 made to sections 188 and 189, and in particular the addition of section 189, subdivision (e)(3), not the rulings in *Banks* and *Clark.*" (*York*, at p. 261.) Thus, McKenzie's petition is made possible by the changes made to section 189, not because of the clarifications made in *Banks* and *Clark.* (See § 1170.95, subd. (a)(3) [allowing petition if "the petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019"].)

13

Similarly, although McKenzie's jury was instructed that to find the felony-murder special-circumstance allegations true, it had to find he had aided and abetted the robbery and kidnapping that led to the victim's death while acting as a major participant with reckless indifference to human life, the elements now found in section 189, subdivision (e)(3), that pre-*Banks*/*Clark* finding, without more, does not preclude relief under section 1170.95. (See *In re Scoggins* (2020) 9 Cal.5th 667, 673-674 ["Where a decision clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision 'is entitled to post-conviction relief upon a showing that his [or her] conduct was not prohibited by the statute' as construed in the decision. [Citation.] 'In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error'"]; *York*, *supra*, 54 Cal.App.5th at p. 262, review granted ["a pre-*Banks* and *Clark* special circumstance finding—necessarily made on the basis of our former, and significantly different, understanding of what the terms 'major participant' in the underlying felony and 'reckless indifference' to human life meant—does not preclude relief under section 1170.95 as a matter of law"]; *People v. Law* (2020) 48 Cal.App.5th 811, 825, review granted July 8, 2020, S262490 ["the trial court erred by concluding the special circumstance finding, on its own, rendered Law ineligible for relief—that is, the court erred by failing to determine whether Law qualified as a major participant who acted with reckless indifference to human life under *Banks* and *Clark*"]; *People v. Torres*, *supra*, 46 Cal.App.5th at p. 1180, review granted [because no court has affirmed the special-circumstance findings at issue post-*Banks* and *Clark*, "[t]here is therefore a

14

possibility that Torres was punished for conduct that is not prohibited by section 190.2 as currently understood"]; but see *People v. Nunez* (2020) 57 Cal.App.5th 78, 93, review granted Jan. 13, 2021, S265918) [disagreeing with *York, Law* and *Torres*].)[6]

### c. *The record of conviction does not establish McKenzie is ineligible for resentencing as a matter of law*

Although the jury's pre-*Banks/Clark* felony-murder special-circumstance findings, without more, does not preclude resentencing under section 1170.95, the superior court was authorized to review the record of conviction to determine whether McKenzie was ineligible for resentencing under section 1170.95 as a matter of law. (See *Verdugo, supra,* 44 Cal.App.5th at p. 330, review granted ["[t]he record of conviction might also include other information that establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill 1437's amendments to sections 188 and 189"].)[7] However, in making that determination—that is, in

---

[6] Whether a felony-murder special-circumstance finding made before *Banks, supra,* 61 Cal.4th 788 and *Clark, supra,* 63 Cal.4th 522 precludes a defendant from making a prima facie showing of eligibility for relief under section 1170.95 is pending before the Supreme Court in *People v. Strong*, review granted March 10, 2021, S266606.

[7] Our opinion affirming McKenzie's conviction is part of the record of conviction and was properly considered by the superior court in determining whether McKenzie made a prima facie showing of eligibility for relief under section 1170.95 or whether he was ineligible for relief as a matter of law. (*Harris, supra,*

15

evaluating whether a petitioner has made a prima facie showing he or she is entitled to relief—the superior court cannot engage in factfinding. As the court of appeal explained in *People v. Drayton*, *supra*, 47 Cal.App.5th at page 980, "The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing. Just as in habeas corpus, if the record 'contain[s] facts refuting the allegations made in the petition . . . the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subdivision (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (Accord, *People v. Perez* (2020) 54 Cal.App.5th 896, 903-904, review granted Dec. 9, 2020, S265254; *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1165-1166.)

Viewed through the lens prescribed by *Banks* and *Clark*, even if McKenzie was a major participant in Boykins's robbery and kidnapping,[8] the record of conviction falls far short of

---

60 Cal.App.6th at pp. 953-954, review granted; *Verdugo*, *supra*, 44 Cal.App.5th at p. 333, review granted.)

[8] This court affirmed the finding McKenzie was a major participant because he had planned the kidnapping and robbery and provided the necessary transportation. The evidence found

establishing McKenzie acted with reckless indifference to human life as a matter of law. As discussed, the opinion affirming the felony-murder special-circumstance findings stated only that McKenzie knew Hemsley was armed and had allowed the kidnapping and robbery to continue with any effort to prevent the crimes. Yet *Clark* instructed that simply because a gun was used during a robbery is insufficient to establish reckless indifference. (*Clark, supra*, 63 Cal.4th at p. 618.) Here, there was no evidence McKenzie was armed, and he was not a direct participant in whatever force had been used to bind Boykins's hands and move him into McKenzie's car. In addition, while McKenzie did nothing to interfere with the ongoing kidnapping while he was still with Hemsley and Paulino, when he left his confederates, Boykins was still alive. McKenzie was not present at the scene of the killing and was not in a position to prevent it.

Viewed as a whole, this evidence, while held to be sufficient for a pre-*Banks/Clark* finding of reckless indifference, does not permit a finding, as a matter of law, that McKenzie was willing to assist in killing Boykins if necessary to successfully complete the robbery. (See *Clark, supra*, 63 Cal.4th at p. 617 [reckless indifference encompasses a willingness to assist another in killing to achieve a particular goal, even if the victim's death was not specifically intended].) Factfinding following an evidentiary hearing is necessary to determine whether McKenzie could be

---

sufficient to uphold McKenzie's role in planning the crimes was his prior friendship with Hemsley, Paulino and Jones; his willingness to borrow his cousin's car at Hemsley's request, rather than use one of the vehicles he regularly drove; and the improbability the men had not discussed robbing Boykins during their drive to the hotel.

17

convicted of felony murder under section 189, subdivision (e), and, therefore, is ineligible for relief under section 1170.95.

## DISPOSITION

The order denying McKenzie's section 1170.95 petition is reversed. On remand the superior court is to appoint counsel for McKenzie, to issue an order to show cause and to conduct further proceedings in accordance with section 1170.95, subdivision (d).


PERLUSS, P. J.

We concur:



SEGAL, J.



FEUER, J.

18